PATMAN LESTER, plaintiff in error, *vs.* SAMUEL P. THURMOND, defendant in error.

1. An attorney at law is protected by his privilege from liability on account of words spoken in the discharge of his duty in the regular course of judicial proceedings in the courts, unless express malice is proved.
2. Where the plea of the general issue is filed to an action of slander, evidence is admissible thereunder rebutting and denying the proof introduced by the plaintiff.

Slander. Attorney at law. Privileged communications. Pleading. Evidence. Before Judge RICE. Clarke Superior Court. February Adjourned Term, 1873.

For the facts of this case, see the decision.

SPEER & THOMAS, for plaintiff in error.

COBB, ERWIN & COBB, by JACKSON & CLARKE, for defendant.

WARNER, Chief Justice.

The plaintiff brought an action of slander against the defendant, alleging in his declaration that the defendant, as counsel representing one Eliza Kenny in a justice's court, on the trial of a criminal case, in which one Jesse Robinson was accused of the offense of malicious mischief in killing a hog or hogs of the said Eliza Kenny, did falsely and maliciously, in a certain discourse which he addressed to the court and jury, speak, utter and publish the following false, scandalous, malicious, defamatory words, to-wit: "Patman Lester, an able-bodied man, helped Jesse Robinson kill this poor widow's hogs." On the trial of the case, the jury found a verdict for the defendant. A motion was made for a new trial, on the several grounds set forth in the record, which was overruled by the court, and the defendant excepted..

1. Mason, a witness for the plaintiff, testified that he was one of the jurors who tried the case of the State *vs.* Robinson; that defendant was counsel for the prosecution; does not remember all that he said, but does remember that he said in his speech, "Patman Lester, an able-bodied, stout man, helped Jesse Robinson kill this poor widow's hogs;" does not know that there was anything in the evidence that implicated Lester with the case; he was not sworn as a witness. On being re-introduced, stated that there was no evidence that connected Lester with the killing of the hogs. This is the substance of the evidence for the plaintiff. Was this evidence sufficient, under the law, to entitle the plaintiff to a verdict? The words are proved to have been spoken by the defendant as an attorney at law, in the discharge of his duty as such, in the regular course of judicial proceedings before a court. The clear distinction which the law recognizes between words spoken by an attorney at law, in addressing a jury in the regular course of judicial proceedings, and the same actionable words spoken in private conversation, not privileged communications, is this: No action can be maintained against an attorney at law for words spoken to a jury, as in this case, without proof

of *actual malice*, and it is incumbent on the plaintiff to furnish such proof; whereas, when actionable words are spoken in private conversation, the law implies that the words were spoken maliciously, and it is not incumbent on the plaintiff to prove malice. The attorney at law is protected by his privilege, on account of words spoken in the discharge of his duty in the regular course of judicial proceedings in the courts, unless express malice is proved. If, however, an attorney at law avails himself of his position as an advocate *maliciously* to slander another by uttering words wholly unjustifiable, then he would be liable to an action, but not otherwise. There not having been any evidence that the words alleged to have been spoken by the defendant to the jury in relation to the plaintiff in the regular course of judicial proceedings, were spoken *maliciously*, the plaintiff was not entitled to recover on his own evidence.

2. The evidence of the defendant, so far as the same rebutted or denied the evidence offered by the plaintiff, was admissible under the plea of the general issue. In the view which we have taken of this case, the motion for a new trial was properly overruled.

Let the judgment of the court below be affirmed.