### FRANKLIN *vs.* BROWNE.

To say that a minister of the gospel collected money for a particular purpose, and embezzled it for his own wrongful uses, and that he is unfit to be a minister, is actionable without any allegation of special damage.

Slander. Actions. Damages. Pleadings. Before Judge HILLYER. Fulton Superior Court. April Term, 1881.

Browne brought suit against Franklin for slanderous words uttered about him. The declaration was in the short form of complaint, and the body of it alleged as follows:

" The petition of Edward B. M. Browne showeth that Max Franklin, of said county, has injured and damaged your petitioner in the sum of twenty thousand dollars, by falsely and maliciously saying of and concerning your petitioner, on the third day of January, eighteen hundred and eighty-one, the following false and malicious words, to-wit: 'That on the excursion to Europe, aboard the Silesia, in June last, Browne (meaning your petitioner) collected seventy-five dollars from the passengers, in order to print a paper—which was edited on the boat by Browne and others (and meaning by said Browne your petitioner)—in memory of the excursion; but Browne (meaning your petitioner) used and embezzled the money (meaning the said seventy-five dollars) for his own wrongful uses, without printing the paper at all, and I will prove it; and that he (meaning your petitioner) is unfit to be the minister in our pulpit.' Wherefore your petitioner," etc.

The defendant filed a general demurrer to the declaration, which was overruled, and he excepted.

HOPKINS & GLENN; S. WEIL, for plaintiff in error.

L. J. GARTRELL; WRIGHT & DORSEY, for defendant.

JACKSON, Chief Justice.

The principle involved in this demurrer is ruled mainly in the case of *Jacob Elsas vs. E. B. M. Browne*, decided at this term. In addition to the reasons given there for the judgment therein rendered, this makes a stronger case, because the words herein alleged not only charge the plaintiff with " being guilty of a debasing act, which may exclude him from society," but also make charges

against him " in reference to his office and profession, cal-
culated to injure him therein."

The words charge that he "used and embezzled the
money (meaning the said seventy-five dollars) for his own
wrongful uses, without printing the paper at all, and I
will prove it; and that he (meaning you        :oner) is
unfit to be the minister in our pulpit."

Thus it is admitted by the demurrer that collecting·
money for another object (set out in the writ), he had
used and embezzled it for his own private and wrongful
use, and was unfit to fill the office of a pulpit minister.

The Code of Georgia not only makes the imputation
of crime actionable without the allegation of special
damage, but the charge of being guilty of any debasing act
which may exclude a man from society, and also any charge
made on another in reference to his trade, office, or pro-
fession, calculated to injure him therein. Code, §2977.
So that this case falls clearly within two provisions of
that section of the Code, and the action does lie, and the
demurrer was properly overruled.

Judgment affirmed.