PEARCE *vs.* BROWER.

| 72 | 243 |
| 91 | 499 |

| 72 | 243 |
| 118 | 825 |

In an action for libel, where the plaintiff's declaration does not show that the publication was a privileged communication, whether it was so or not, under the facts proved, is a question for the jury; and although a communication charging that a constable had collected money and appropriated it to his own use may have been privileged, in an action therefor, the plaintiff was entitled to have it submitted to the jury, whether the same was published maliciously or not.

(*a.*) Malice may be inferred from the character of the charge, and its existence may be rebutted by proof. In case of an unprivileged communication, want of malice goes in mitigation of damages; if the communication be privileged, absence of malice constitutes a bar to the recovery. This involves a submission to the jury.

(*b.*) If one who wrote a communication, charging a constable with misappropriating money, was a road commissioner, and wrote such communication to the commissioners of roads and revenues of the county respecting his duties as such commissioner, it was privileged; and if it was written in good faith, without malice, and with no intent to injure the reputation of plaintiff, he could not recover; or if the statements in it were true, he could not recover; but if the privilege was used merely as a cloak for venting private malice, and not *bona fide* in promotion of the object for which the privilege is granted, then the plaintiff could recover.

March 21, 1884.

Libel. Malice. Practice in Superior Court. Non-suit. Before Judge BRANHAM. Floyd Superior Court September Adjourned Term, 1883.

Reported in the decision.

WRIGHT, MEYERHARDT & WRIGHT, for plaintiff in error.

ALEXANDER & WRIGHT; C. N. FEATHERSTON, for defendant.

BLANDFORD, Justice.

Pearce brought his action for libel against Brower, in which it is alleged that the defendant wrote and published of plaintiff, that the plaintiff had collected money as a con-

stable, and appropriated it to his own use.   Evidence was submitted by plaintiff tending to show that the statement was not true; it was also shown that Brower was a road commissioner, and that the communication was addressed to the clerk of the board of commissioners of roads and revenues of Floyd county.   When the plaintiff had closed, the defendant moved to non-suit plaintiff, upon the ground that the communication complained of was privileged, and. that plaintiff had failed to show malice.   The court sustained the motion, and awarded a non-suit in said case.   The plaintiff excepted, and this exception is complained of now as error.

The plaintiff in error insists that, although the communication may be privileged, he had the right to require that the alleged libel be submitted to the jury; that they were to determine, from it and other evidence submitted by plaintiff, whether the same was published maliciously or not, and in behalf of this position he cites a number of authorities.   Waite's Actions and Defences, vol. 4, p. 304, §2, and cases there cited; 46 N. Y., 427; 24 Wend., 484; 48 N. H., 161; 2 Add. on Torts, 932, note k.; 2 Add. on Torts, p. 945, §1100.

In behalf of the defendant in error, it is insisted that, as the plaintiff's proofs submitted showed the communication made by defendant was privileged, and that it was published without malice, it was not only the right but the duty of the court to arrest the case and award a non-suit, as was done; and he cites a number of authorities to sustain this position.   1 C., M. & R., 192; 17 E. C. L., 185; 9 B. &. C., 403; Bull. N. P., 8; 25 E. C. L., 508; 6 C. & P., 497; 70 E. C. L., 581; 10 C. B., 583; 71 E. C. L., 307; 1 Tenn., 110; *Lester vs. Thurman*, 51 *Ga.*, 118.

The question has been ably and exhaustively argued by the counsel for the parties in this case, and while it is to be conceded that the English authorities sustain the views submitted by counsel for defendant in error, the American decisions are equally as conclusive of the view pre-

sented by counsel for plaintiff in error. Whatever doubt we might have as to the true rule upon the question submitted by the parties, if we were left to decide upon the authorities presented, this doubt vanishes before our own statute, which itself affords a rule and a solution of this question, and which binds this court. Code, §2975. It is declared, " In all actions for printed or spoken defamation, malice is inferred from the character of the charge. The existence of malice may be rebutted by proof, which in all cases shall go in mitigation of damages, and in cases of privileged communications will be in bar of the recovery." The charge in this case is the misappropriation of money collected by plaintiff as a constable. Cannot malice be inferred from the character of this charge? Who is to infer it? Who is to pass upon the question whether this inference of malice has been rebutted by proofs? The only difference made by the statute between a communication not privileged and one that is privileged is that, in the former or unprivileged class, want of malice goes in mitigation of damages, while in the latter class of privileged communications, absence of malice constitutes a bar to the recovery. It is most manifest from this statute that these matters are to be submitted to and passed on by the jury, the court taking care to instruct them as to the law governing their finding. In this case, the plaintiff's declaration does not show that the publication was a privileged communication, and whether it be or not, upon the facts proved, is a question for the jury. If Brower was a road commissioner, and he wrote the communication to the commissioners of the county respecting his duties as such commissioner, then the communication is privileged, and the court should so instruct the jury; and if the same was written in good faith, without malice, and with no intent to injure the reputation of the plaintiff, then plaintiff cannot recover. And further, if the representations of the defendant concerning the plaintiff are true, he cannot recover. But if the privilege was used merely as a cloak for venting

private malice, and not *bona fide* in promotion of the object for which the privilege is granted, then the plaintiff could recover. Code, §2981.

We feel constrained to reverse the judgment of the court in granting and awarding the non-suit in this case.
Judgment reversed.