## Verdery v. Barrett.

1. Where it appears with fair probability from the petition itself and the amendment offered that the design of the pleader was to declare on a written contract, an allegation that the defendant "obligated and agreed to pay," etc., is amendable by inserting the words "in writing," so as to allege that he obligated and agreed in writing to pay, etc., and by annexing to the declaration a copy of the writing referred to.

2. Such amendment does not introduce a new cause of action, but only describes more completely the cause of action originally declared upon.

3. It is no obstacle to the allowance of such amendment that the action would have been barred if suit had been delayed until the time the amendment was offered, nor that the action, if based on a contract not in writing, would have been barred at the time suit was brought. Where the cause of action is one single contract and one single breach thereof, all amendments to the declaration relate back to the commencement of the suit.

4. Where several amendments were offered and allowed at different times during the pendency of the suit, if the declaration as ultimately framed and completed sets forth a cause of action, a demurrer thereto should not be sustained although the cause of action may not have been complete until all the amendments were made and allowed.          *Judgment affirmed.*

May 25, 1892.

Amendment. Contract. Limitation. Practice. Before Judge Eve. City court of Richmond county. November term, 1891.

Barrett sued Verdery on February 29, 1887, alleging that Verdery was indebted to him $500 besides interest, for that, on the —— day of February, 1892, Verdery agreed to pay $500 for an interest in the patent right for Georgia of the American Electric Light Company of

New York, including all the patents specified in the deed to Barrett, and that the defendant had been repeatedly called upon to pay said sum, but had refused and failed to do so. The defendant demurred to the declaration and moved to dismiss the case, because it appeared that the action was barred by the statute of limitations. Thereupon the plaintiff moved to amend the declaration by alleging that the defendant's agreement therein referred to was in writing; by attaching the agreement and referring to it as an exhibit; and by adding the allegation that on the faith of said agreement the plaintiff went forward and paid $15,000 of the $25,000 asked for the patent rights, he having previously paid $10,000 on the purchase, and the additional payment was made by him relying on the agreement of the defendant for reimbursement. The agreement so attached is dated February 8, 1882, signed by a number of persons, with certain amounts (some "paid" and some "not paid") opposite their names, including "E. F. Verdery, not paid, $500," and states that the undersigned agree to subscribe the amount set opposite their names for the patent right for Georgia of the American Electric Light Company of New York, including all the patents specified in the deed to Barrett, and that the amount for the right for Georgia is $25,000. To this amendment the defendant objected, because (1) there is not enough in the petition to amend by; (2) the amendment makes a new and distinct cause of action; and (3) the written instrument counted on in the amendment shows on its face that it was barred by the statute of limitations at the time the amendment was offered. After argument the court overruled the demurrer and motion to dismiss, and the objections to the amendment, to which rulings the defendant excepted.

The defendent then demurred to the petition as amended, because (1) it appears that at the time of the

alleged sale the plaintiff did not own the patent rights the purchase money of which is sued for, and it is not alleged that he ever delivered or tendered any interest in them, or complied or offered to comply with his contract of sale; and (2) he has not annexed to the petition a copy of the deed to himself under which he claims to have the title to the patent rights alleged to have been sold to the defendant. Thereupon the plaintiff offered the following amendment, to come in after the word "reimbursement": He having given his notes for said $15,000 at or about the time of the payment of the said $10,000. Prior to this suit he offered to the defendant the original of a paper executed by the plaintiff under his hand and seal on February 18, 1882, (which is attached as an exhibit) stating that the plaintiff entered into articles of agreement December 10, 1881, with the American Electric Light Company of New York, and has paid for the rights, privileges and property therein conveyed, the sum of $25,000, and that the defendant desires to become interested with the plaintiff under the provisions of said instrument to the extent of $500; and therefore the plaintiff acknowledges to have received from the defendant said sum, and that he is from this date interested to that extent proportionately with the plaintiff under the provisions of said agreement, and entitled, upon the organization of the corporation therein contemplated, to be a corporator to the extent of said proportionate payment to the amount paid out by the plaintiff. This was and is the same in fact as that given to all other subscribers named in said application who paid their subscriptions to the plaintiff, it being the certificate or deed from plaintiff to defendant and each of them to show their interest in the property conveyed to the plaintiff by the deed named in said obligation, a copy of which is the second exhibit to this amendment. The defendant failed to pay the $500 subscribed for by him,

and did not join in the enterprise or become a corporator in the corporation known as the Electric Light Company of Augusta, which was afterwards organized by the plaintiff and those subscribers who had paid their subscriptions. The subscription of the defendant never became the property of the said corporation, but remained and still is the individual property of the plaintiff, who did not deliver to the defendant the original of the paper first hereto exhibited, because of his non-payment of said $500. The second exhibit to this amendment purports to be an agreement dated December 10th, between the American Electric Light Company, a corporation of New York, of the first part, and T. G. Barrett (the plaintiff) of Augusta, Ga., of the second part, and recites that the party of the first part are the owners and proprietors of several named patents of electric machines, etc. ; that the party of the second part desires to obtain from the party of the first part a license for the exclusive right to manufacture, sell and license others to manufacture and sell these patents, inventions, etc., during the continuance of patents in the State of Georgia; that in consideration of $1.00 and other good and valuable considerations, the party of the first part hereby grants to the party of the second part during the residue of the terms of the letters patent, full and free liberty, license, power and authority to make, vend or sell, and to license others to make, vend or sell the sole and exclusive right within the State of Georgia, but in no other place, all the patents, inventions, etc., now owned and to be owned, held and enjoyed by the party of the first part; that in consideration of such license the party of the second part agrees, within one year from the date hereof, to organize under the laws of Georgia a corporation which shall succeed to his rights, and he agrees forthwith to introduce the inventions in a practical and satisfactory manner in Georgia; that the party of the first part shall have the right at all

times to examine into the books and accounts of the party of the second part and the company to be organized, and to make such other examination of its business as the party of the first part may deem proper for the protection of its general interest; and that if any person shall infringe the letters patent, the party of the second part or the company when organized may, in the name of the party of the first part and for the joint benefit of the parties hereto, sue and prosecute all such actions as may be expedient against such infringement, etc.   This is signed by the American Electric Light Company by E. W. Andrews, president, and by T. G. Barrett, each under seal. Then follows an acknowledgment by E. W. Andrews, president, before a notary public in New York, of the affixing of the corporate seal of the American Electric Light Company by order of its board of directors; also, an acknowledgment before a notary public of Richmond county, Georgia, by T. G. Barrett, of his execution of the contract.

. To this amendment the plaintiff objected on the same grounds urged against the first amendment.   The court overruled the objections, and also overruled a demurrer to the petition as finally amended, to which rulings the defendant excepted.

TWIGGS & VERDERY and J. C. C. BLACK for plaintiff in error.

WILLIAM K. MILLER, contra.