## FLANDERS v. DALEY.

1. Where error is assigned on a judgment sustaining a demurrer, and no point is made on the form of the judgment, and the bill of exceptions recites that the demurrer was heard and sustained, the writ of error will not be dismissed because the judgment is not specified and transmitted as a part of the record.

2. A minister of the gospel is one following a profession, within the meaning of the law which makes a person liable without proof of special damage for words spoken of another in reference to his "profession, calculated to injure him therein." It is not necessary that such a minister should, at the time the words are spoken, be receiving compensation for his services.

3. An allegation that the words were spoken in reference to plaintiff's "office and profession of a minister of the gospel, [he] being then and there a local preacher of the Methodist Episcopal Church, South," is a sufficient averment, as against a demurrer raising the objection that the plaintiff was not following a profession.

4. Whether or not words alleged to be slanderous were privileged would depend upon the circumstances under which and the intention with which they were spoken. If spoken in good faith and in the performance of a private or public duty, either legal or moral, the speaker would not ordinarily be liable.    In view of the allegations of the petition, the question of privilege is one which must be raised by plea and submitted to the jury as an issue of fact.

5. The petition set forth a cause of action, and it was error to dismiss the same on demurrer.

Argued July 16, — Decided August 10, 1904.

Action for slander.    Before Judge Parker.    Johnson superior court.    September 22, 1903.

The allegations of the petition were in substance as follows: On a date named, defendant maliciously used of and concerning plaintiff the following false and defamatory words: "I have always known that he [meaning plaintiff] was unfit for the ministry and an improper person to be allowed to preach, and was too dangerous and indiscreet," saying also that he had indorsed plaintiff, knowing him to be inefficient for eighteen years.    These words were uttered at and during a quarterly conference of the Methodist Episcopal Church, South, then being held in a named county, and in the presence of divers persons named.    The words were spoken of plaintiff "in reference to his office and profession of a minister of the gospel," he "being then and there a local preacher of the Methodist Church, South," and were calculated to injure and did injure him in his said office.    The use of said words caused plaintiff to be deprived of his license as a local preacher, and to lose scholarships in a female college for his children, the value of such scholarships being alleged.    The defendant demurred, on the following grounds: (1) No cause of action is set forth; (2) the words are not actionable per se, and are not supported by allegations of special damage, or by such innuendo as would make them actionable; (3) there is no allegation that defendant knew the words to be false, or that plaintiff was engaged in any profession, or that he has been damaged therein; (4) the allegations taken as a whole are too vague, uncertain, and indefinite, and the special damages alleged are too remote and speculative to be the

basis of a recovery; (5) it is not alleged that plaintiff was a member of or had a license as a local preacher in any particular church, nor that the words used were in reference to his said office in the ministry in such church; (6) plaintiff sues in his private capacity and alleges damage in a professional capacity; (7) the office of a local preacher is not a profession, within the meaning of the law upon which the suit is based; and plaintiff does not allege any special benefits accruing to him as a local preacher, or emoluments of any kind. The demurrer was sustained, and the plaintiff excepted.

*J. L. Kent* and *J. K. Hines,* for plaintiff. *A. S. Bussey, W. R. Daley, William Faircloth,* and *A. L. Hatcher,* for defendant.

COBB, J. (After stating the foregoing facts.)

1. A motion was made to dismiss the writ of error, upon the ground that the bill of exceptions did not specify the judgment complained of, and such judgment had not been sent up as a part of the record. The bill of exceptions recites, that the defendant demurred to the petition as amended, and that, after hearing argument, the court sustained the demurrer and dismissed the petition. The demurrer is specified and sent up with the record. This was sufficient to show that there was a final judgment, and the character of such judgment. Further than this, this court has the power to have the clerk transmit a copy of any part of the record which may appear to be necessary to a determination of the case, whether the same is specified or not. The motion to dismiss is obviously without merit. See *Lenney* v. *Finley,* 118 *Ga.* 427.

2. Words spoken of another in reference to his " office or profession, calculated to injure him therein," are actionable without proof of special damage. Civil Code, § 3837. One licensed by an evangelical church to preach the gospel is a minister of the gospel, and, as such, is engaged in the work of a profession. Preachers of the gospel are, not only in a popular but also in a technical sense, professional men, just as much as physicians, teachers, and lawyers, all of whom belong to what are usually termed the learned professions. It is therefore safe to lay it down as a rule, that one who speaks words in reference to a minister of the gospel, calculated to injure him in the profession which he

follows, is liable to be called to account for slander, even though it does not appear that any special damage resulted from the use of such words. *Franklin* v. *Browne*, 67 *Ga.* 272 ; 18 Am. & Eng. Enc. Law (2d ed.) 963 Bish. Non-Contract Law, §§ 270–271 (n. 12). There is respectable authority for the proposition that a minister of the gospel can not hold one liable for words spoken in reference to his profession unless it appears that he is receiving profit therefrom. See Townshend on Slander and Libel (4th ed.), § 184. We are not prepared, however, to take this view of the matter. We think that a minister of the gospel who has been the victim of slanderous words, spoken in reference to his profession, should be entitled to his action against the slanderer without being compelled to show that he was receiving, at the time the words were uttered, emoluments or compensation from his profession. See Lawson's Rights, Rem. & Pr. § 1249. The true law protects the reputation or character of a minister of the gospel, without regard to whether at the time the wrong is perpetrated upon him he be receiving compensation for his services as such minister, or simply engaged in the work without reward or the hope thereof.

3. The petition alleges that the words were spoken of the plaintiff in reference to his office or profession of a minister of the gospel; it being averred that at the time the words were spoken he was "a local preacher of the Methodist Episcopal Church, South." It was argued that a local preacher of the character described was not a minister of the gospel, but simply a layman, authorized under certain circumstances to preach, and that therefore the plaintiff in preaching was not engaged in performing the duties of either an office or a profession. The allegations of the petition are, in effect, that the plaintiff was a licensed preacher of the gospel; and for the purposes of the demurrer this must be taken as true. This being so, he was engaged in the profession of a minister of the gospel, and was entitled to the protection which the law throws around persons belonging to that class. We can not take judicial notice of the rules and regulations of the church to which plaintiff belongs. It may be that if the discipline of this church were before us, it would appear that a local preacher is not such a minister of the gospel as to be classed with those who follow the ministry as a profession ; but as the facts neces-

sary to reach this conclusion do not appear on the face of the petition, it is a matter which must be set up by plea, and submitted to the jury as an issue of fact.

4–5. It is claimed that the words complained of were spoken during a quarterly conference of the Methodist Church, and were therefore privileged. Even if the demurrer is broad enough to raise this question for decision, there is no merit in it. If the words were spoken while the defendant was engaged in the performance of any duty imposed upon him as a member of the church or as a member of the conference, at a. time when the plaintiff's character was under investigation, and were uttered in good faith, the defendant would not be liable in damages, notwithstanding the language used might be calculated to injure the plaintiff in his profession as a minister of the gospel. *Etchison* v. *Pergerson,* 88 *Ga.* 621 (2). But it does not sufficiently appear on the face of the petition that the circumstances under which the words were uttered were such as that they would be privileged under the law. It is therefore incumbent upon the defendant to avail himself of this defense by an appropriate plea. *Holmes* v. *Clisby,* 118 *Ga.* 820 (2). The judge erred in sustaining the demurrer. *Judgment reversed. All the Justices concur.*