## DELAWARE INSURANCE COMPANY *v.* PENNSYLVANIA FIRE INSURANCE COMPANY.

1. Where suit was instituted by one insurance company against another insurance company, to reform and enforce a contract for reinsurance, a new cause of action was not added by an amendment which set up a previous contract between the same parties, binding the insurer to reinsure risks held by the insured, the reinsurance to be accomplished

by the issuance of a memorandum and entry thereof upon the registry of the insurer, .and which alleged that the contract originally declared upon was a memorandum issued and entered upon the registry of the insurer in compliance with the stipulations in the previous contract, so as to make its provisions applicable to the particular risk designated in the .memorandum, the amendment not adding any new party or referring to any different risk or relief inconsistent with that sought in the original petition.

2. When the present case was here on a former occasion it was ruled that the petition was insufficient in certain respects; but upon a subsequent trial in the court below the objections were cured by appropriate amendment, and, under the former ruling of this court, the petition as now amended is not demurrable upon the ground that it fails to set forth a cause of action.

3. The rulings announced in the foregoing headnotes deal with all of the assignments of error which were referred to in the brief of counsel for the plaintiff in error. All others will be regarded as abandoned.

Argued December 2, 1907.—Decided May 14, 1908.

Equitable petition. Before Judge Pendleton. Fulton superior court. June 10, 1907.

*Burton Smith,* for plaintiff in error.

*King, Spalding & Little,* contra.

ATKINSON, J. 1. One of the questions presented in the bill of exceptions and discussed in the brief of counsel for the plaintiff in error is whether the court committed error in allowing an amendment to the original petition, over the objection that it added a new and distinct cause of action. The allegations of the original petition as amended, before the amendment now under consideration was offered, are substantially set forth in the report of the case when it was before this court on a former occasion. 126 *Ga.* 381 (55 S. E. 330). On the subsequent trial in the court below, over objection of the defendant as already stated, the plaintiff was allowed to amend by alleging, in substance, that in 1895 the defendant issued to the plaintiff a policy of insurance (the contents of which were fully set forth), providing for reinsurance of risks held by the plaintiff upon the property of others, the reinsurance to be accomplished by entering upon the register of the defendant a memorandum of the risks, whereupon the memorandum and entry should become a part of the original contract of insurance as entered into in 1895, and the risks should become insured thereunder; and that the contract set forth in the original petition (and which is set forth in the statement of facts in the report of

the case when it was here before) is the memorandum made upon the register of the defendant in reinsuring the Stensel risk, and is to be construed in connection with and as a part of the original contract of 1895, and operates to reinsure said Stensel risk under that contract. The point is made that the amendment, by introducing the contract of 1895, adds a new cause of action. In this view we can not concur. There is no effort to reform the contract of 1895. The only reformation sought is that set forth in the original petition before amendment. The relief sought in the original petition related to the Stensel risk, and the plaintiff's claim was founded upon the reinsurance of that risk as the subject-matter of the suit. No other transaction, risk, or subject-matter is sought to be introduced by the amendment. The parties and relief sought in the original petition and in the proposed amendment are identical. There was no attempt to rely upon the contract of 1895 as a distinct cause of action, independently of the memorandum, but the effect of the amendment was to set forth the contract of reinsurance originally declared upon, more at length and more completely than it was alleged in the original petition. There was no inconsistency between the contract of 1895 and the memorandum originally declared upon. Both related to and formed parts of the transaction which constituted the basis of the action. Under these conditions the amendment was germane, and did not add a new cause of action. *Eagle & Phenix Mills* v. *Muscogee Mfg. Co.,* 129 *Ga.* 712 (59 S. E. 804); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318); *May Mantel Co.* v. *Blow-Pipe Co.,* 93 *Ga.* 778 (21 S. E. 142); *Tumlin* v. *Bass Furnace Co.,* 93 *Ga.* 594 (20 S. E. 44); *Fla. Midland R. Co.* v. *Varnedoe,* 81 *Ga.* 175 (7 S. E. 129); *Verdery* v. *Barrett,* 89 *Ga.* 349 (15 S. E. 476); *Marietta Paper Mfg. Co.* v. *Bussey,* 104 *Ga.* 477 (31 S. E. 415); *Armour* v. *Ross,* 110 *Ga.* 403 (35 S. E. 787); *Maxwell* v. *Harrison,* 8 *Ga.* 61 (52 Am. D. 385).

2, 3. The second and third headnotes sufficiently deal with the remaining assignments of error.

*Judgment affirmed. All the Justices concur.*