## 17447. ADAMS v. SCRIBNER.

Under the allegations of the petition, the alleged slanderous statement of belief, and of reasons for the belief, as to the taking of graft by the defendant in connection with the purchase of an x-ray machine for the hospital of which she was superintendent and the defendant was secretary and treasurer and a director, which statement was alleged to have been made by him at a meeting of the board of directors, constituted a cause of action. It was not necessary to allege special damage. The statement was not an absolutely privileged communication; it was only conditionally privileged; and in order for such a communication to be so privileged as to be a bar to a suit for slander, it must appear that it was made in good faith, to protect the speaker's private interest, and not with malicious intent.

DECIDED OCTOBER 5, 1926.

Slander; from Chatham superior court—Judge Meldrim. April 28, 1926.

*George H. Richter*, for plaintiff in error.

*Oliver & Oliver, John Z. Ryan*, contra.

BROYLES, C. J. In the instant case the plaintiff's petition alleged: that she was a trained nurse by profession, and of high character, experience, and ability, and was so known in New York, Vermont, Tennessee, Georgia, and other States; that when the slanderous charges against her, hereafter set out, were made by the defendant she was superintendent of the Savannah Hospital in Savannah, Ga.; that the defendant was secretary and treasurer and one of the managers of the hospital; that as such superintendent the plaintiff had been instrumental in having the hospital purchase a new Victor x-ray machine; that some time thereafter and on the night of February 5, 1925, the defendant, at a meeting of the board of directors of the Savannah Hospital, spoke of and concerning your petitioner the following false, defamatory, derogatory, and slanderous words: "I believe it to be true that she (meaning your petitioner) received graft from the x-ray people (meaning Victor X-Ray Machine Company), although I can not prove it, and I can make this charge because of the fact that a telegram came relative to the transaction (meaning the purchase from the X-Ray Machine Company) and I never got it, but I later got a copy of it from the Western Union Telegraph Company."

Libel and Slander, 36 C. J. p. 1180, n. 2, 4; p. 1182, n. 24; p. 1186, n. 19 New; p. 1219, n. 92, 93; p. 1241, n. 28.

1. These charges were calculated to injure the plaintiff in her profession of a trained nurse and in her position as superintendent of the Savannah Hospital.

2. Where slanderous charges are made in reference to another person's trade, office, or profession which are calculated to injure him therein, damage is inferred. Civil Code (1910), § 4433. It follows that in such a case the person slandered need not allege special damage.

3. The alleged slanderous charges as made were not absolutely privileged communications, but were merely conditionally privileged communications, and in order for such communications to be so privileged as to be a bar to a suit for slander, it must appear that the words were spoken bona fide, to protect the speaker's private interests, and not with malicious intent. *Nicholson* v. *Dillard,* 137 *Ga.* 225 (4) (73 S. E. 382).

4. The alleged damages sued for were not too remote to be recovered.

5. Under the above-stated rulings the petition set out a cause of action, and the court properly overruled the general demurrer. No error appears in the ruling upon the special demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*