18197.  IVINS *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

BELL, J.  1. Where, from the allegations in action for defamation, it is
uncertain whether the words complained of were written or spoken,
that is, whether the plaintiff is suing for a slander or for a libel, but
it is fairly probable from all the averments that the words were written,
and therefore that the plaintiff's intention was to sue for a libel, an
amendment which seeks merely to remove the ambiguity.is not objection-
able as adding a new and distinct cause of action.  In such a case a
petition which describes the cause of action as a "slander" may be
amended by substituting the word "libel."  *Verdery* v. *Barrett*, 89 *Ga.*
349 (15 S. E. 476) ; *Armour* v. *Ross*, 110 *Ga.* 403 (35 S. E. 787) ; *City
of Columbus* v. *Anglin*, 120 *Ga.* 785 (5) (48 S. E. 318) ; *City of Albany*
v. *Cameron & Barkley Co.*, 121 *Ga.* 794 (49 S. E. 798) ; *A. & W. P. R.
Co.* v. *Ga. Ry. &c. Co.*, 125 *Ga.* 798 (1, 2) (54 S. E. 753) ; *Atkinson* v.
*Brantley*, 15 *Ga. App.* 129 (82 S. E. 773) ; *Smith* v. *Rome*, 16 *Ga. App.*
96 (84 S. E. 734) ; 25 Cyc. 248.  This is not to hold that a suit for
slander may be converted by amendment into a suit for libel.

2. In the petition as amended the plaintiff in several paragraphs sought
a recovery for written words as libels, and in other paragraphs com-
plained of distinct oral words as a slander.  Under the decisions in
this State, a corporation is not liable for a slander or oral defamation
by an agent, unless it affirmatively appears that the agent was expressly
directed or authorized by the corporation to speak the words in ques-
tion.  *Headley* v. *Maxwell Motor Co.*, 25 *Ga. App.* 26 (102 S. E. 374),
and cit.

3. In a suit against a corporation for an alleged slander by one of its
agents, where the petition alleged that the "utterances were expressly
authorized and ratified by the defendant company," and where this
averment was specially demurred to' upon the ground that it was not
shown "when, where, or how" the alleged slanderous words were au-
thorized or ratified, the demurrer was properly sustained, in the absence
of more specific allegations.

4. Averments to the effect that as a result of an alleged slander uttered
by one agent of the defendant, and certain libels alleged to have been
committed by another agent, the plaintiff was discharged from the

Corporations, 14a C. J. p. 780, n. 11; p. 847, n. 65; p. 848, n. 67 New.
Libel and Slander, 36 C. J. p. 1192, n. 26; p. 1239, n. 1 New; 37 C. J.
p. 38, n. 39 New, 45 New; p. 51, n. 6 New; p. 53, n. 63 New; p. 117, n.
53 New.
Pleading, 31 Cyc. p. 348, n. 5.

defendant's employment, and that, after knowledge of "said alleged libelous and slanderous matter," the defendant failed to repudiate the same, and the "dismissal of plaintiff from defendant's service continues," and that the defendant has refused the plaintiff's applications for reinstatement after "knowledge of the alleged libelous and slanderous acts and words of its said servants and agents," are insufficient to show a ratification by the defendant of the alleged slander.

5. But in cases of libel the rule is different, and it is not essential to the cause of action that express or direct authority of the agent to utter the libel should be shown. So, in a suit against a corporation for a libel by one of its agents, where the libelous matter is otherwise sufficiently set forth, an allegation that the libel was uttered by the agent within the scope of the company's business and in the course of the agent's employment is sufficient to charge the corporation. *Behre* v. *National Cash Register Co.*, 100 *Ga.* 213 (27 S. E. 986, 62 Am. St. R. 320); *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250); Civil Code (1910), § 4413.

6. A written statement charging another with having committed a crime is libelous per se. *Atlanta News Co.* v. *Medlock*, 123 *Ga.* 714 (51 S. E. 756, 3 L. R. A. (N. S.) 1139).

7. In an action for libel, that the publication was privileged is a matter for plea, and, being defensive, can be taken advantage of by demurrer only when all the facts essential to establish the defense affirmatively appear in the plaintiff's petition. *Nicholson* v. *Dillard*, 137 *Ga.* 225 (4) (73 S. E. 382); *Bibb* v. *Crawford*, 6 *Ga. App.* 145 (3) (64 S. E. 488); *Adams* v. *Scribner*, 36 *Ga. App.* 15 (135 S. E. 110); *Brown* v. *McCann*, 36 *Ga. App.* 812 (138 S. E. 247).

8. "To make the defense of privilege complete, in an action of slander or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the party from relying on the privilege." *Sheftall* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 589 (5) (51 S. E. 646). "The protection afforded privileged communications is lost if the publication was maliciously made." *Central of Ga. Ry. Co.* v. *Sheftall*, 118 *Ga.* 865 (2) (45 S. E. 687). The petition in the present case did not affirmatively and as a matter of law disclose that the alleged libelous matter was privileged.

9. It appearing from the petition that the plaintiff's discharge from the defendant's employment as a conductor upon its railroad did not result as a consequence of the alleged libel, but was a simultaneous wrong, both proceeding from the same cause, the plaintiff could not, in the action for libel, claim as special damage losses which he may have sustained by reason of his discharge as such employee.

10. An allegation that, on account of the publication of the libelous matter, the plaintiff's ability to obtain employment had been seriously impaired and his ability to earn money in any employment greatly reduced, was improper as the basis for a claim of general damages (see the *Sheftall* case, 123 *Ga.* at page 598, supra), and was also subject to demurrer

upon the ground that it was a general statement of a conclusion, unsupported by any sufficiently specific statement of facts.

11. In an action for libels alleged to have been uttered by a superintendent of the defendant railroad company "in the course of an investigation by defendant as to the conduct of plaintiff with reference to charges made against plaintiff in connection with plaintiff's employment and as one of defendant's conductors," where the plaintiff claimed certain items of special damages, consisting of attorney's fees, stenographer's hire, the expense of stated trips, and the like, the petition alleging that the same were incurred by the plaintiff prior to such investigation, in an attempt to defend himself and "his good name against the charges which the defendant company had brought against the plaintiff, and also in connection with an injunction suit which the plaintiff brought in an effort to enjoin said investigation, and. . . that the said expenses were necessary and reasonable expenses and were caused by the preferring against the plaintiff by defendant company of the charges hereinbefore referred to," *held*, that such claim of special damage was subject to special demurrer upon the ground that it was unsupported by any specific statement of facts sufficient to show why the expenses were incurred or that they were necessary, and that the allegations in reference thereto were too general and indefinite to show any cause of action in favor of the plaintiff for their recovery.

12. The court below properly struck all allegations by which the plaintiff sought to recover damages for the alleged slander. The petition, however, stated a good cause of action for the alleged libels, and it was error to sustain the general demurrers and to dismiss the petition as a whole. The judgment sustaining all the special demurrers was likewise erroneous, as some of them were without merit. These will be specified by this court in its judgment on the remittitur.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 17, 1928.

Action of libel; from Fulton superior court—Judge Humphries. April 19, 1927.

*Harwell, Fairman & Barrett,* for plaintiff.

*Tye, Peeples & Tye,* for defendant.

