### 30483. LAMB *v.* FEDDERWITZ *et al.*

DECIDED MAY 12, 1944. REHEARING DENIED JUNE 7, 1944.

*Pierce Brothers, W. D. Lanier, Perry Brannen,* for plaintiff.
*Shelby Myrick, Hitch, Morris & Harrison,* for defendants.

SUTTON, P. J. This is a suit for libel by D. J. Lamb against Henry Fedderwitz and others constituting the Brewers & Beer Dis-

tributors Committee of Georgia. The case has been here once before, and it was held that the petition set out a cause of action good against the defendants' demurrer (*Lamb* v. *Fedderwitz,* 68 *Ga. App.* 233, 22 S. E. 2d, 657); and, on certiorari, the Supreme Court affirmed the decision of this court. *Fedderwitz* v. *Lamb,* 195 *Ga.* 691 (25 S. E. 2d, 414). A statement of the alleged libelous report made by the defendants to the State Revenue Commissioner is set out in the two written reports of the case just referred to. The defendants had filed an answer in which they denied making and publishing the alleged libelous report; and when the case went back for trial they filed an amendment, admitting the publication of the report, but denying that it was made maliciously or with any intent to injure the plaintiff in his person, reputation, or business, —that on the contrary it was made "in behalf of the defendants in the performance of a public duty, and also in the performance of a private duty, and was also made with the bona fide intent to protect their own interests in their business and occupation in a matter in which they were concerned, and that the said report and writing and the statements therein were and are therefore privileged, and are not actionable." The defendants further amended their answer by adding thereto a plea of justification, as follows: "And for further answer and defense defendants show and say that the alleged defamatory statements set forth in the 20th paragraph of plaintiff's petition were true and that accordingly these defendants are in no wise liable to the plaintiff in damages or otherwise." These two amendments were introduced in evidence by the plaintiff.

The plaintiff introduced evidence tending to establish the allegations of his petition. He testified as to the location and general set-up of his place of business—Lamb's Tavern—and that it was operated in an orderly, decent, and lawful manner, and that he did not allow any improper conduct on the premises or any immoral relationship or practices between men and women at his place of business. He testified that his license to sell beer and wine was revoked without a hearing on account of the alleged libelous report, and testified as to his income before and after said report and as to his damages; that his mother and daughter-in-law were the only women who worked at his place of business, his mother being more than eighty years old. His daughter-in-law testified as to the decent manner in which Lamb's Tavern was operated, and that

there was no improper conduct or immoral practices allowed on the premises. A deputy sheriff of Richmond County testified that he was familiar with Lamb's Tavern and the manner in which it was operated, and that the reputation of the place was good.

At the conclusion of the plaintiff's evidence, the court granted a nonsuit, and the exception here is to that judgment.

■ The plaintiff in error contends that the court erred in granting a nonsuit, because the evidence introduced tended to prove the allegations of the petition and was sufficient to carry the case to the jury; that publication of the article in question was admitted; that it was libelous per se and malice was inferred from the character of the charge; that it was for the jury to determine from the alleged libel and the other evidence whether or not the article was published maliciously; that the defendants filed a plea of justification and qualified privilege and the burden was on them to sustain such pleas. "A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery." Code, § 105-701. It will be seen that malice is one of the essential elements of libel. The Code, § 105-706, declares: "In all actions for printed or spoken defamation, malice is inferred from the character of the charge. The existence of malice may be rebutted by proof, which in all cases shall go in mitigation of damages, and in cases of privileged communications it shall be in bar of the recovery." The defendants admit making the alleged libelous report to the revenue commissioner but deny that it was made maliciously, and they contend that it was privileged. The privileged communications enumerated in the Code, § 105-709, have been held to be conditional privileges. The first three paragraphs of this section are as follows: "1. Statements made bona fide in the performance of a public duty. 2. Similar statements in the performance of a private duty, either legal or moral. 3. Statements made with the bona fide intent, on the part of the speaker, to protect his own interest in a matter where it is concerned." The defendants in this case pleaded the statements in the article in question as privileged under these three paragraphs of the Code section just mentioned. The next section (§ 105-710), provides: "In every case of privileged communications, if the

privilege is used merely as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action." It has been held that these two Code sections should be construed together, and it will be observed that good faith and good intention are necessary and essential ingredients of such privileged communications. The statute says: statements made *bona fide* in the performance of a public or private duty; statements made with a *bona fide intent;* if the privilege is used as a cloak, and not *bona fide,* etc., the party defamed shall have a right of action. It was held in *Holmes* v. *Clisby,* 118 *Ga.* 820 (2) (45 S. E. 684): "If the communication is properly to be classed as one made in the interest of the defendant, the question whether it is or is not privileged would be dependent upon the intention with which it was published. If bona fide, with the sole purpose of protecting himself, it would be; if otherwise, it would not. This question of intention is a question of fact, to be submitted to and determined by a jury. If published with such an intention as would justify a classification of the communication as privileged, this would be a matter of defense of which the defendant could avail himself by proper plea." See, to the same effect, *Flanders* v. *Daley,* 120 *Ga.* 885 (4) (48 S. E. 327). In *Sheftall* v. *Central of Georgia Ry. Co.,* 123 *Ga.* 589 (51 S. E. 646), it was ruled that, "To make the defense of privilege complete in an action of libel, good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only, must appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the party from relying upon the privilege. All of these questions are, however, questions of fact for the jury to determine, according to the circumstances of each case, under appropriate instructions from the court." As to whether a communication which is qualifiedly privileged is used with a bona fide intent to protect the speaker's or writer's own interest where it is concerned, or whether such communication is uttered maliciously is a question of fact for the jury trying the case to determine. *Nicholson* v. *Dillard,* 137 *Ga.* 225 (73 S. E. 382); *Adams* v. *Scribner,* 36 *Ga. App.* 15 (135 S. E. 110).

The defendants in error contend that the burden was on the plaintiff to prove malice, and cite and rely on *Lester* v. *Thurmond,*

51 *Ga.* 118; *Hendrix* v. *Daughtry,* 3 *Ga. App.* 481 (60 S. E. 206); and *Ivester* v. *Coe,* 33 *Ga. App.* 620 (127 S. E. 790). All of these cases were submitted to juries. In the *Lester* case, a verdict was returned for the defendant, and the court held that the plaintiff was not entitled to recover, because he failed to show malice on the part of the defendant attorney in using the language in question in his argument before the jury. In the *Hendrix* case it was ruled: "If the testimony of a witness be held to be matter of conditional privilege, the burden still rests upon the plaintiff to prove that the words spoken are false, and that they were uttered with malice." The language there complained of was used by a witness on the stand in response to a question by an attorney. In the *Ivester* case (division 2), it was said: "But where the language used is actionable per se, malice is implied, except where the occasion of the utterance renders it privileged, in which case, while the occasion does not excuse if the accusation is maliciously made (Civil Code [1910], § 4437), the burden is put upon the plaintiff to establish malice," citing the *Lester* and *Hendrix* cases. In division 3, it was ruled that the burden was on the defendant to make good the defense of conditional privilege; in division 4 it was said: "Where the plea in effect admits the utterance of language the natural and reasonable construction of which imputes a crime, and reiterates the charge, nothing short of proving the truth of the charge as admittedly made will justify a verdict in favor of the defendant. In the absence of such proof, malice is conclusively presumed, but if the defendant should partially and imperfectly establish his charge by the production of evidence strongly tending to establish, though failing to establish the same, the jury may mitigate the damages imposed, on the theory that the defendant, though wrongfully negligent and guilty of legal malice in making the accusation, was not moved therein by the promptings of actual and express malice," and in division 8 it was held: "Where the words are privileged, the mere fact that a plea of justification is filed is not alone evidence of malice sufficient to go to the jury, but in such a case, where the defendant will neither abandon the plea nor give any evidence to support it, obstinately persisting in the charge to the last without any sufficient reason, this alone may be sufficient evidence of malice."

·The plaintiff in error cites the *Ivester* case, and also cites and relies very strongly on *Pearce* v. *Brower,* 72 *Ga.* 243. A nonsuit was granted in that case, and the plaintiff therein insisted that although the communication may have been privileged, the question of whether or not it was published maliciously should have been submitted to the jury. The defendant contended that the proof submitted showed the communication was privileged, that it was published without malice, and that a nonsuit was proper, citing *Lester* v. *Thurmond,* supra. The court in very positive language ruled that the question of malice and good faith should be submitted to and passed upon by the jury. In *Brown* v. *McCann,* 36 *Ga. App.* 812 (138 S. E. 247), it was ruled that evidence in behalf of the plaintiff did not affirmatively show the alleged slanderous statements were privileged; that a prima facie case for the plaintiff was made out, and the court erred in granting a nonsuit. It was held in that case that the question of privilege and good faith should be submitted to a jury, and some of the cases above referred to were cited as authority. Similar principles are set forth and ruled in *Ivins* v. *L. & N. R. Co.,* 37 *Ga. App.* 684 (141 S. E. 423).

The report here in question charged the plaintiff with a crime, and with such conduct as was calculated to bring him into disrepute among his friends, and associates, and to injure him personally and in his business. The defendants admitted publication of the alleged libelous report and alleged it was true, but denied it was made maliciously, and alleged it was made bona fide and was privileged. The uncontroverted evidence shows that said report was not true. Unless it was made bona fide it would not be conditionally privileged and would be actionable per se and malice would be inferred. If it was conditionally privileged, it would still be actionable, if made maliciously. In a privileged communication the statements must be no broader than the interest to be subserved demands. In other words, care must be taken not to include therein statements wholly unnecessary for the protection of the interest intended to be subserved. But if such statements should be so included, then this would be a circumstance to be considered by the jury in determining whether the communication was really made in good faith, or was made maliciously. Good faith and malice are both matters that can be inquired into, except

in case of absolute privilege, and are questions of fact to be submitted to and determined by a jury. Under the facts and circumstances of the present case, the questions of good faith and malice should have been submitted to and passed on by the jury.

■ On a motion for a nonsuit, the rule is that the evidence should be construed most favorably for the plaintiff.

■ Under the evidence and the law applicable thereto, the court erred in granting a nonsuit.

*Judgment reversed. Felton and Parker, JJ., concur.*