*Henry Walker*, for plaintiffs in error.
*Alexander & Hillyer*, contra.

---

## WOODLEY *v.* COKER.

1. An action for the malicious use of process in a civil suit will lie where the person of the defendant was arrested or his property attached.

2. The petition set forth a cause of action for the malicious use of bail process in a trover suit, and was not a composite petition setting forth three causes of action, for malicious use of process, malicious arrest, and false imprisonment.

3. In an action for the malicious use of bail process in a trover suit it is not necessary to allege that the defendant in the suit was actually imprisoned in the county jail. An averment that he was arrested under bail process and thereby restrained of his liberty is sufficient.

4. Punitive damages are recoverable in an action for the malicious use of process in a civil suit.

5. An amendment to a petition which, properly construed, is merely an amplification of the original petition, setting forth additional facts explanatory of the cause of action therein set forth, is allowable.

Argued November 18, — Decided December 12, 1903.

Action for damages. Before Judge Reece. City court of Floyd county. June 1, 1903.

*C. E. Carpenter* and *Griffith & Weatherly*, for plaintiff, cited Civil Code, §§ 4944, 3907, 3887; *Ga. Rep.* 13/260; 61/496; 63/682; 67/534 (2); 75/648–651; 77/719 (2a), 722; 86/238; 95/670; 111/85 (6); 113/871; 12 Am. & Eng. Enc. L. (2d ed.) 739–40.

*McHenry & Maddox*, for defendant, cited Civil Code, §§ 3843–4, 3851; Penal Code, § 31; *Ga. Rep.* 4/513; 13/260; 61/496; 63/682; 74/86; 75/178 (5); 78/710, 712; 79/637; 86/238; 98/14; 102/264, 534, 782; 103/193; 111/74 (7), 84; 112/895 (3); 113/870; 12 Fed. 250; 9 Am. Rep. 735; 43 Fed. 391; 39 Am. Dec. 123; 10 Am. St. Rep. 322; 22 Am. & Eng. Enc. L. (2d ed.) 175; 19 Id. 665.

Cobb, J. Woodley brought suit against Coker, alleging in his petition substantially as follows: Coker has injured and damaged plaintiff in the sum of $2,000. In 1901 Coker brought suit against

plaintiff and Clark Brothers for the recovery of 225 bed-slats, and at the time of filing this suit made affidavit to obtain bail, under which plaintiff was arrested and held in custody in the county court-house for two hours.　While never actually imprisoned in the county jail, plaintiff was not allowed by the sheriff to leave town for six days.　Plaintiff endeavored to make bond, but was unable to do so.　Coker claimed to have a bill of sale to the bed-slats, executed by one W. B. Clark, a member·of the firm of Woodley and Clark Brothers, to secure a debt which Coker claimed Clark Brothers owed him.　Plaintiff was in no way bound for the payment of this debt, and Clark had no authority to sign his name to the bill of sale.　When the trover suit was filed neither the plaintiff nor the firm of which he had been a member was indebted to Coker in any sum whatever.　The trover suit was filed and plaintiff was arrested under the bail process for the sole purpose of forcing plaintiff to pay Coker money which he did not owe him, and which Coker knew plaintiff did not owe him.　Plaintiff and Clark Brothers filed a petition asking to be released from imprisonment under the bail process, and this petition was granted by the judge of the superior court.　Immediately after the release of plaintiff and his associates Coker dismissed his bail-trover suit, which had been carried on maliciously and without probable cause, for the sole purpose of collecting from plaintiff money which Coker knew he did not owe.　Plaintiff was greatly embarrassed and humiliated by the arrest, which caused many of his friends and acquaintances to lose confidence in him and look down on him. The petition prays for the recovery of both actual and punitive damages.　By amendment plaintiff prayed that he might recover certain sums which he had expended as attorneys' fees and otherwise in securing his release from imprisonment, and for time lost by·reason of the alleged illegal imprisonment.　The petition was dismissed on demurrer, and the plaintiff assigns error upon this ruling, and also upon the refusal of the court to allow an amendment to the petition.

1, 2.　It is contended that although the petition is not divided into counts, it sets forth, as against a general demurrer, three causes of action, for malicious arrest, malicious use of process, and false imprisonment.　Taking into consideration the fact that the petition was in one count, and treating the allegations as a whole,

it seems to us that the purpose of the pleader was to set forth one cause of action, that is, for the malicious use of bail process in a trover suit, which resulted in the arrest and imprisonment of the plaintiff. Strictly speaking, the term " malicious prosecution " is applicable only to the carrying on of a criminal case. In this sense only is it used in our code. Civil Code, § 3843. When damages are sought for the malicious carrying on of a civil suit, the cause of action is not for malicious prosecution, but for the malicious use of process. See Newell on Mal. Pros. § 7. However, the essential elements in a cause of action for the malicious prosecution of a criminal case and the malicious use of process in a civil suit are the same. Id. § 8 ; *Wilcox* v. *McKenzie*, 75 *Ga.* 73.; *Georgia Loan Co.* v. *Johnston*, 116 *Ga.* 630. See also, in this connection, *Mitchell* v. *Railroad*, 57 *Ga.* 398 (3). In the text-books and encyclopædias and in the opinions of the judges, including our own, it is frequently said that an action for malicious prosecution will lie for the malicious carrying on, without probable cause, of a civil suit. But accurately speaking, and especially under our code, there can be no such thing as an action for the malicious prosecution of a civil suit, but the action is for the malicious use of legal process. When the averments as to the arrest and imprisonment are read in connection with the other allegations of the petition, it becomes apparent that it was not the purpose of the pleader to set forth three distinct causes of action, but simply one for the malicious use of process, and the averments as to the arrest and imprisonment were made simply for the purpose of making complete the cause of action for the malicious use of process. As against a general demurrer the petition set forth a cause of action, and the court erred in sustaining the demurrer of that character.

3, 4. The court also sustained a special demurrer which was filed to certain paragraphs of the petition. Two of the grounds of this demurrer raised the point, that, as it appeared from the allegations of the petition that the plaintiff was not actually imprisoned in the county jail, the averments as to the imprisonment were not sufficient. The averments of the petition were clear and distinct that the plaintiff was arrested and restrained of his liberty and was in the actual custody of the sheriff for two hours, and that for six days the sheriff refused to allow him to leave town. These allegations were sufficient to show that the plaintiff was restrained

of his liberty, and it was not necessary to show that he was actually incarcerated in the county jail.

The paragraph of the petition which prayed for punitive damages was demurred to specially. Punitive damages may be recovered in any action sounding in tort where the tortious acts were wantonly or maliciously committed. See *Southern Railway Co.* v. *O'Bryan*, 119 *Ga.* 147, and cit.

The other grounds of the demurrer relate to matters which were either explanatory of the cause of action set out, or were set forth merely as matter of aggravation. There was no merit in any of the grounds of the demurrer, and it was error to sustain them.

5. The only remaining question is whether the court erred in refusing to allow the amendment. As the allegations of the amendment simply amplified the averments of the original petition relating to the cause of action for the malicious use of the bail process, it was error to refuse to allow it.

*Judgment reversed. All the Justices concur.*