## FLANDERS v. DALEY.

Where, under the allegations of the petition and the evidence submitted on the trial, a verdict for general damages could have been legally found, it was error to instruct the jury in a way calculated to impress them that the plaintiff could not recover unless special damages were proved.

Argued October 7, 1905.—Decided January 13, 1906.

Action for slander. Before Judge Rawlings. Jefferson superior court. June 5, 1905.

In an action brought by W. F. Flanders against A. F. Daley, the petition alleged, that during a quarterly conference of the Methodist Episcopal Church, South, held at a stated time and place, the defendant, in the presence of named persons, maliciously used of and concerning the plaintiff certain false and defamatory words, set out in the petition, and that on a subsequent designated occasion, in the presence of other named persons, defendant maliciously used of and concerning plaintiff other false and defamatory words, also set forth; that such words were so spoken of plaintiff "in reference to his office and profession of a minister of the gospel," he "being then and there a local preacher of the Methodist Episcopal Church, South," and were calculated to injure him and did injure him in his said office and profession, and were so intended by defendant when spoken. General damages were alleged. The petition also alleged that the use of the words set forth caused plaintiff to be deprived of his license as a local preacher, and to lose certain scholarships of a given value, in a named college, for his daughters. The defendant demurred to the petition, on various grounds. The demurrer was sustained, and the plaintiff excepted. In reviewing that ruling (120 Ga. 885) this court held: "2. A minister of the gospel is one following a profession, within the meaning of the law which makes a person liable without proof of special damage for words spoken of another with reference to his 'profession, calculated to injure him therein.' It is not necessary that such a minister should, at the time the words are spoken, be receiving compensation for his services. 3. An allegation that the words were spoken in reference to plaintiff's 'office and profession of a minister of the gospel, [he] being then and there a local preacher of the Methodist Episcopal Church, South,' is a sufficient averment, as against a demurrer raising the objection that the plaintiff was not following a profession.

4. Whether or not words alleged to be slanderous were privileged would depend upon the circumstances under which and the intention with which they were spoken. If spoken in good faith and in the performance of a private or public duty, either legal or moral, the speaker would not ordinarily be liable. In view of the allegations of the petition, the question of privilege is one which must be raised by plea and submitted to the jury as an issue of fact. 5. The petition set forth a cause of action, and it was error to dismiss the same on demurrer."

When the case was reached for trial, the defendant filed an answer which is summarized by his counsel as follows: "(1) Denied the words as charged; alleged, (2) the words really used were true; (3) that the words used were privileged, having been spoken (a) in a quarterly conference of the Methodist Episcopal Church, South, which had jurisdiction of plaintiff's character as a local preacher of said church, and (b) at a duly organized and legally constituted church trial of the plaintiff, defendant being a witness thereat, and which trial had been held legal and proper by the highest authority of the church, the annual conference, to which plaintiff had appealed; (4) that the words were induced (a) by plaintiff's interrogation directed to defendant and others at the quarterly conference, of which body defendant was a member, and (b) by a question propounded by plaintiff's counsel at the church trial; and (5) that the position of a local preacher in the Methodist Episcopal Church, South, was not a profession within the legal meaning of the term profession, and that under the laws of said church a local preacher is a layman; and (6) that plaintiff was under suspension at the time of the use of the words really used." Under all these pleas the case was tried. In the absence of objection, so far as the record discloses, the court allowed both sides great latitude in the introduction of evidence. There was a general verdict for the defendant; and the plaintiff's motion for a new trial having been overruled, he excepted.

*James K. Hines* and *J. L. Kent,* for plaintiff.

*R. L. Gamble, W. R. Daley,* and *A. S. Bussey,* for defendant.

FISH, C. J. (After stating the foregoing facts.) The court instructed the jury as follows: "The plaintiff alleges, by the use of said words he was turned out of the church, and dismissed as a

local preacher and deprived of his license. The defendant denies this allegation, and contends that the words used were not the cause of his expulsion, dismissal, and the loss of his license. If you find from the evidence in favor of the defendant's contention, and that plaintiff's expulsion from the church and loss of his license was the result of other causes than the words used, then the plaintiff can not recover." The error assigned upon this charge was that it precluded the jury from finding in favor of the plaintiff in the event they believed he was expelled from the church and deprived of his license from a cause other than the words alleged, although they might believe from the evidence that the defendant used the language set out in the petition, that it was false and defamatory and not justified as a privileged communication. Another charge excepted to was: "If you believe the language was used as set out in the declaration and that language was false and maliciously used, and you believe that at the time the plaintiff was a local Methodist preacher of the Methodist Church, and you believe damages flowed from the use of the words by reason of his position and used in the presence of the people laid in the declaration, then the plaintiff would be entitled to recover." The error assigned was, that if the language was used as set forth in the petition, it was actionable per se, and plaintiff was entitled to recover without proof that he sustained damages by reason of the use of such language, and that the charge was calculated to mislead the jury and to impress them with the idea that plaintiff would have to prove special damages before he could recover.

It is quite clear, we think, that the exceptions to both of the charges above set out were well taken. "One licensed by an evangelical church to preach the gospel is a minister of the gospel, and, as such, is engaged in the work of a profession. . . . One who speaks words in reference to a minister of the gospel, calculated to injure him in the profession which he follows, is liable to be called to account for slander, even though it does not appear that any special damage resulted from the use of such words." *Flanders* v. *Daley,* 120 *Ga.* 885, and cit.; Civil Code, § 3837. The plaintiff put in evidence what purported to be a license issued February 28, 1888, by a presiding elder of the Methodist Episcopal Church, South, and in behalf of a quarterly conference of that church, authorizing the plaintiff "to preach the gospel;" also what purported to be a

certificate of the ordination of the plaintiff as a deacon in such church by a bishop thereof, dated December 13, 1896, authorizing the plaintiff "to administer the ordinances of baptism, marriage, and the burial of the dead, in the absence of an elder, and to feed the flock of Christ, . . according to the established doctrines of the gospel." From the evidence the jury could have found that the plaintiff had been "licensed by an evangelical church to preach the gospel," and was, therefore, a minister of the gospel. There was also evidence from which the jury could have found that the plaintiff was such a minister and performing the duties of the office on August 25, 1902, when the petition alleges the defendant used of and concerning him the language set out therein. This being true, and the alleged language being actionable per se, the plaintiff could recover upon proof of its use by defendant as set out in the petition, without showing that any special damage was caused thereby. Indeed there was no evidence that the plaintiff suffered any special damage, and as the charges under consideration strongly indicated to the jury that the plaintiff could not recover unless special damages were proved, a verdict for the defendant logically followed. Some other instructions excepted to were not entirely accurate, but they will doubtless be corrected by his honor on another trial. *Judgment reversed. All the Justices concur.*