## 17786.  BROWN v. McCANN.

In this action for slander, the evidence in behalf of the plaintiff did not affirmatively show that the alleged slanderous statements were privileged; a prima facie case for the plaintiff was made out, and the court erred in granting a nonsuit.

DECIDED MAY 12, 1927.

Action for damages; from city court of Jesup—Judge Thomas. October 29, 1926.

*James R. Thomas & Son,* for plaintiff.

*Clark & Gibbs,* for defendant.

BELL, J.  Mrs. B. B. Brown brought an action for slander against X. Y. McCann in the city court of Jesup, alleging that the defendant, about March, 1925, injured her in her profession as a teacher in the public schools by making to members of the school board and other persons named a false report that she was afflicted with the contagious disease commonly known as tuberculosis.  She alleged that as a result of such report she was summarily dismissed from the faculty of the Jesup public school, and was further damaged in that she was thereafter unable to obtain any other position as teacher.  The defendant in his answer denied the making of any such statements, but set up no affirmative defense, as of privileged communication.

A. E. Knight, a member of the board of education of the school in which the plaintiff was teaching and in which a son of the defendant was a pupil, testified:  that in April, 1925, the defendant came into his store and said to him:  "Have you heard the report on Mrs. Brown?" stating that Dr. Colvin had told him that she had consumption, and asking the witness what the trustees "were going to do about it."  The witness replied that the matter would have to come before the board, and suggested that the defendant "appear before the board," whereupon the defendant said, "No, I have nothing to do with it. . . If she has tuberculosis I will take my boy out of school, as I do not want him exposed to it."  On a different occasion, seemingly a little later, the defendant voluntarily made to Mr. and Mrs. Anderson, at their home

Libel and Slander, 36 C. J. p. 1167, n. 63; p. 1180, n. 2, 4; p. 1189, n. 66; p. 1231, n. 91; p. 1238, n. 80; p. 1241, n. 37; p. 1242, n. 43, 45, 49; p. 1243, n. 65; 37 C. J. p. 46, n. 7; p. 69, n. 46; p. 90, n. 16, 24; p. 107, n. 4.

Trial, 38 Cyc. p. 1557, n. 21.

in Adams Park, Georgia, the following statement: "A very un-
fortunate thing happened recently. Mrs. Brown's doctor told me
that she had tuberculosis, and asked me what I was going to do
about it. . . I told the doctor I couldn't do anything but stop
my child, which I was going to do." This is according to the
evidence of Mrs. Anderson, who also testified: "Mr. McCann said
that he did all that he could when the doctor pronounced the dis-
ease tuberculosis, . . took· his child out of school. Further
than taking his child out of school, he didn't say that he was
going to do anything." Mrs. Anderson was a sister-in-law of the
plaintiff, her brother being the plaintiff's husband. The plaintiff
testified that she had had no coughs and had not "suffered with
anything except severe colds," and that she was now, in October,
1926, in perfect health. The trial court granted a nonsuit, and
the plaintiff excepted. ·

Under the testimony submitted, the jury would have been au-
thorized in finding that the defendant did in fact make the state-
ments as charged, and, further, that these statements were false.
This would make a prima facie case for the plaintiff, since the
statements tended to show that the plaintiff was afflicted with a
contagious disease and since also they related to the plaintiff's pro-
fession and were calculated to injure her therein. Civil Code
(1910), § 4433; *Nicholson* v. *Dillard,* 137 *Ga.* 225 (3) (73 S. E.
382); *Flanders* v. *Daley,* 124 *Ga.* 714 (52 S. E. 687. A false
report of either character is actionable per se, unless the defend-
ant comes forward and shows that it was privileged under the
circumstances, this being a matter for defense. *Sheftall* v. *Cen-
tral of Ga. Ry. Co.,* 123 *Ga.* 589 (5) (51 S. E. 646).

The fact that the defendant merely repeated the report of the
doctor is no defense, since it is the law that "Talebearers are as
bad as talemakers." *Ivester* v. *Coe,* 33 *Ga. App.* 620 (6) (127
S. E. 790), and cit. Every repetition of a slander originated by ·
a third person is a new publication of it.

Whether or not the publication was a privileged communication
would depend upon the circumstances, including the intention with
which it was published. "If in good faith, with the sole purpose
of protecting the interest of the defendant, it would be; if ma-
liciously, for the purpose of injuring the reputation of the plain-
tiff, it would not be. ·In view of the allegations of the petition,

the question of privilege is one which must be raised by plea and submitted to a jury as an issue of fact." *Holmes* v. *Clisby*, 118 *Ga.* 820 (2) (45 S. E. 684) ; *Flanders* v. *Daley*, 120 *Ga.* 885 (4) (48 S. E. 327) ; *Whitley* v. *Newman*, 9 *Ga. App.* 89 (70 S. E. 686). In order to make the defense complete, the defendant must show good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons only. *Sheflall* v. *Central of Ga. Ry. Co.*, and *Ivester* v. *Coe*, supra. Whether the communication is made at the proper time and proper place and to a proper person and in good faith is usually a question for the jury to determine under the facts of the particular case. *Gillis* v. *Powell*, 129 *Ga.* 403, 409 (58 S. E. 1051) ; *Nicholson* v. *Dillard*, supra.

Assuming, without deciding, that it could be held as a matter of law that the defendant's conversation with Knight, of the school board, was privileged (17 R. C. L., p. 362, § 111), the same is not true of the statements made to Mr. and Mrs. Anderson. Although the defendant did not plead privilege, the nonsuit would have been right if the defense had affirmatively and conclusively appeared from the plaintiff's own evidence. But it did not. The trial court therefore erred in granting the nonsuit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*