27944. MUSE *v.* CONNELL.

DECIDED MARCH 1, 1940. ADHERED TO ON REHEARING, MARCH 22, 1940.

*Norman I. Miller, Duke C. Meredith,* for plaintiff.
*Arnold Shulman, Wiley H. Davis,* for defendant.

PER CURIAM. L. R. Muse brought suit against F. R. Connell to recover damages because of an alleged tort perpetrated upon him, the petition alleging in substance that the plaintiff, on October 31, 1934, and for several years theretofore, was engaged as a substitute proof reader for the Georgian-American Company, publisher of a newspaper in Atlanta, Georgia; that he was a member in good

standing of Atlanta Typographical Union No. 48, a local labor union of Atlanta, composed of local workmen skilled in one or more types of work done in a newspaper composing room, and that the local union was chartered by and operated under the International Typographical Union of North America, a labor organization composed of various typographical unions located throughout North America, the home office being located in Indianapolis, Indiana; that the members of the local union working for the Georgian-American Company worked under a certain contract entered into between that company and the union, these employees forming a body known as the "chapel," to which body any employee who becomes aggrieved by any action taken by the foreman of the composing room, who had control and supervision of the employees working therein, might appeal; that under the rules of the labor organization an appeal from said "chapel" might be made to the executive committee of the Atlanta Typographical Union, and in turn appeals might be made to the local union, to the executive council of the International Union, and then to the annual convention of the International Typographical Union, which convention is held on the Saturday preceding the second Monday in September of each year at such place as the delegates in convention assembled might designate, provided, however, that the party desiring to appeal from said executive council shall give to the International Typographical Union's secretary and treasurer notice of such appeal within sixty days from the date of the decision or action complained of, and provided further that no such appeal shall be considered by a convention unless notice as prescribed by the laws of the International Typographical Union shall have been given prior to the first day of September preceding such convention; that each of the bodies to which an appeal may be taken has the authority to sustain or reverse the action of the body appealed from, and whenever the employee is the successful party on any of said appeals the foreman of the department wherein said employee is employed may appeal from said decision to the next higher authority, but that in an appeal by him to the executive council or to the International Typographical Union the Atlanta Typographical Union is the defendant in error, and said union is either the appellant or appellee on appeals from the decision of the executive council to the convention of the International Typographical

Union, the procedure and laws of the unions being set forth in exhibits attached to the petition; that on and for some time prior to October 31, 1934, the plaintiff was able to obtain only two days work as a proof reader in the said composing room, but that on that date one A. M. Jones, working regularly five days per week as proof reader, resigned his position, effective on October 31, 1934, and left the employ of the company and that, for reasons set forth in detail, plaintiff was entitled to be promoted to the vacancy left by Jones; that he was, on November 1, 1934, transferred to the full-time work of eight hours per day, but on the following day was by the foreman, defendant herein, removed from said position and relegated to the place of substitute proof reader, one R. S. Dennington being assigned to the regular position on full time in his stead, which, as plaintiff contends, was for various recited reasons contrary to the rules and regulations of the union and the contract entered into by the local union with the company; that plaintiff immediately protested to the said Connell, the foreman, and demanded that he be placed back in the full-time position as proof reader, but without avail, and that the defendant's action in not rescinding the appointment of Dennington and in refusing to restore plaintiff to such position was on account of unjustified ill-will and malice towards plaintiff, and for the purpose of harming him by preventing him from thereby earning more money than he was earning or was otherwise able to earn; that upon being refused such vacancy plaintiff appealed from the decision of the foreman, defendant herein, to the chapel, which confirmed and upheld the action of the foreman, whereupon plaintiff appealed to the executive committee of the Atlanta Typographical Union from the decision of the said chapel, and by that body the chapel's decision was upheld; that plaintiff then appealed to the Atlanta Typographical Union from the said decision of the executive committee and said union reversed the decision of the executive committee thereof; that said Connell then appealed to the executive council of the International Typographical Union from said decision, which body, on or about February 1, 1936, reversed the decision of the Atlanta Typographical Union because, as plaintiff will show upon the trial of this case, of facts contained in the record when it reached the executive council on appeal and which facts were false and fraudulent statements placed therein by the defendant after

the decision of the Atlanta Typographical Union had been made upon the true facts in the case and in the record, and which true facts were the true facts hereinbefore alleged by plaintiff; that plaintiff was familiar with the facts in the case and in the record when it reached the Atlanta Typographical Union on appeal, and at the time when the decision was made by said union, and at the time plaintiff was informed of the contents of said appeal by the defendant to the executive council, but that thereafter and without the knowledge of plaintiff, and before the appeal was acted on by the executive council, the said Connell, defendant herein, stealthily, wrongfully, and fraudulently injected said false and fraudulent statements into the record because of malice which he held towards plaintiff and for the further purpose of obtaining, as he did thereby obtain, a decision in his favor as foreman, reversing the decision of the Atlanta Typographical Union, the said malicious, false, and fraudulent statements being as follows: that said Dennington was to be declared incompetent as a linotype operator because of advanced age at the time he was transferred to the proof-reading position, and that he had requested transfer to work which he could do satisfactorily; that the transfer was made in keeping with the union's laws providing that "when departments are not recognized an employee can not be discharged . . for incompetency while there is work in the office he is competent to perform and to which his priority entitles him," and that the chairman and vice-chairman of the chapel testified in said case that Dennington had been warned that he was no longer competent as an operator, and that two other extras filed written statements that they were never offered the vacant position and had never waived in favor of the member who was hired as an extra and who was lower in priority; that plaintiff did not learn until March, 1938, that the said Connell had injected these malicious, false, and fraudulent statements in the appeal record, in appealing from the decision of the Atlanta Typographical Union, which false evidence was embodied in said appeal record after defendant therein had been served with a copy of said appeal containing the evidence introduced before the Atlanta Typographical Union; that as soon as he learned of the true reason why the executive council reversed the decision of the Atlanta Typographical Union he did everything in his power to have the executive council reverse its decision and render a decision favorable to him upon the

true facts in the case, and which it would have done originally if it had known the true facts, but without avail; that after he learned of the true reason why the executive council reversed the Atlanta Typographical Union it would have been impossible for him to appeal the case to the convention of the International Typographical Union, because, as hereinbefore stated, the laws of that union provide that an appeal from such decision must be made to the next annual convention, and there had already been two of said annual conventions held at the time plaintiff learned the true reason for the action of the executive council; that he is not guilty of a failure to exercise ordinary care to learn of the said fraudulent action of the defendant since plaintiff had no reason to suspect such action, and when he learned that the decision of the Atlanta Typographical Union had been reversed the information was verbally transmitted to him by one or more members of the Atlanta Typographical Union, whose name or names he does not now recall, and plaintiff assumed, and had a right to assume, that the decision was based on the evidence and facts contained in the record of the appeal when he was served with a copy thereof, and there was no reason for him to make further inquiry concerning the matter; that plaintiff shows, and will show upon the trial of the case, that the decision of the executive council would have been favorable to him but for the said false and fraudulent facts having been injected into the appeal record, and the case would have been decided as it was correctly decided by the Atlanta Typographical Union under the true facts of the case; that Connell, the defendant, stealthily, cunningly, and mutely withheld from him the fact that said Connell had injected the malicious, false, and fraudulent statements into the record, as aforesaid, and which was done by him to defeat plaintiff's lawful claim to said position made vacant by the resignation of the said Jones; that as soon thereafter as plaintiff had spent a reasonable time in exhausting his efforts to cause the executive council to reverse its decision, plaintiff employed counsel to prosecute an action against Connell, and counsel acted reasonably promptly in filing this suit after being so employed; that because of the wilful and malicious treatment of plaintiff by said Connell as hereinbefore recited he has caused plaintiff to lose the difference between what he would have earned in the vacancy created by the resignation of Jones, $8.25 per day or $41.25 per week, and the

amount he has been able to receive as substitute proof reader for an average maximum of two days per week, or a total of $5000, which he is entitled to recover from said Connell by reason of the aforesaid facts; that he has been unable to obtain a position where he would have been able to earn more money elsewhere than he has earned in said employment, and that as a member of said union he was entitled to the position left vacant by the resignation of said Jones, because plaintiff was working in the employment of the Georgian-American Company under contract in force between the company and the Atlanta Typographical Union, and would have been promoted to said vacancy if the said Connell had complied with the terms of the contract and the rules and regulations of the union which were a part thereof, and plaintiff would have received employment in said proof-reading position for five working days per week of eight hours each, at the scale hereinbefore stated, but for the malicious and fraudulent action, as aforesaid, of the said defendant in injecting said false and fraudulent evidence in the appeal as aforesaid. Judgment was prayed for $5000.

The defendant demurred to the petition generally on the grounds that it did not set forth a cause of action; that if any cause of action had ever existed it had been barred by the statute of limitations; that the petition shows that the plaintiff did not exhaust his remedies as provided by the laws and contract made a part of the petition, and on other general grounds, and also demurred specially in numerous particulars. The court, without passing on the special demurrers, sustained the general demurrer on the ground that the plaintiff had submitted to an adverse ruling of the executive council and could not maintain a suit against the defendant while at the same time retaining membership in the local union. The exception here is to that judgment.

While the petition contains some allegations which would be appropriate if the plaintiff were seeking to assert some right as a member of the labor organization, and the trial court sustained the general demurrer on the ground that he could not maintain his suit therein because he did not exhaust his remedies within the union, but submitted to an adverse ruling of the executive council of the International Typographical Union, we think that the petition, properly construed, and as contended by counsel for plaintiff in error, is one in which recovery is sought only by reason of a

tort committed upon him by the defendant Connell. The plaintiff, by way of inducement, sets up certain facts incident to his employment in a composing room of which the defendant was foreman, recites his efforts to be declared entitled to fill a vacancy as proof reader on full-time employment, gives his reasons why rightfully the foreman should have recognized his alleged right to such position, details the successive hearings and appeals on the question raised by him within the organization, and shows that finally the executive council rendered a decision unfavorable to his contentions. He alleges that he had no reason to assume that the decision was based otherwise than on a record which contained the true evidence before the Atlanta Typographical Union, which reversed the decision of the "chapel" composed of union employees working in the composing room with the plaintiff, and that at the time he had no information which would have caused him to suspect that the record had been made to include evidence which had not been introduced, and which was false and fraudulent, and under such circumstances he acquiesced in the ruling of the executive council. He does not seek to establish any rights within the union. He recognizes that the executive council's ruling has concluded him on the question whether or not he should have been placed in the position of proof reader on full time. But he does assert that he is entitled to redress against the defendant, and he avers that it is because of a tort committed upon him by the said Connell. He alleges that in March, 1938, he learned that Connell had injected into the record of the hearing before the Atlanta Typographical Union certain false and fraudulent statements and purported evidence which were not in fact before such board when it found in the plaintiff's favor, and not in the copy of the record which was served upon him in connection with Connell's appeal to the executive council. It is unnecessary to repeat this alleged inserted matter, which is set forth in the statement of the case hereinbefore, but it is contended by the plaintiff that it was because of such false and fraudulent insertion that the executive council rendered a decision unfavorable to him, and that, had the decision been made only on the true facts as shown in the appeal record before the defendant fraudulently inserted the alleged false matters, the decision would have been favorable to him; that he would have been placed in the position made vacant by the resignation of one A. M.

Jones, a fellow worker, and that upon the trial of the case plaintiff would show that the reversal of the decision of the Atlanta Typographical Union in his favor was because of such false and fraudulent statements and matter placed in the record by the defendant Connell as hereinbefore stated. The petition sets forth a cause of action against the defendant, as for a tort, by reason of the false and fraudulent statements and matter inserted in the appeal record and which it is alleged brought about the unfavorable decision against the plaintiff.

The ground of the demurrer that the cause of action, if any, is barred by the statute of limitations, because, as contended by the defendant, it is based on an injury to the person and should have been brought within two years, is also without merit. The right to follow one's profession, business, or occupation, or to labor, is a valuable property right, protected by the constitution and laws of this State, subject only to such restrictions as the government may impose for the welfare and safety of society. *Hughes* v. *State Board of Examiners,* 162 *Ga.* 246, 256 (134 S. E. 42). By the Atlanta Typographical Union it was determined that the plaintiff was entitled to the vacancy sought as proof reader. The right thus affirmed remained with him until the finding of such board should be reversed or set aside in a legal manner. When the appeal was taken to the executive council of the Union, he was entitled to have a review of the case based on the genuine record before the Atlanta Typographical Union. By inserting false and fraudulent matter in the appeal record the defendant invaded and interfered with the property right which had been acquired by the plaintiff. It is alleged that as a result of his fraudulent conduct the executive council rendered a decision of reversal on February 1, 1936, and thus accrued the damages for which the suit is brought. The present action concerning a property right is, with reference to the statute of limitations, controlled by Code, § 3-1002, which provides that "Actions for injuries to personalty shall be brought within four years after the right of action accrues." *Frazier* v. *Georgia Railroad Co.,* 101 *Ga.* 70, 77 (28 S. E. 684); *Crawford* v. *Crawford,* 134 *Ga.* 114, 122, 123 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932). The suit was filed on September 15, 1938, and was, therefore, within the four-year period of limitation.

It follows from the above that the court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. Stephens, P. J., and Felton, J., concur. Sutton, J., dissents.*

SUTTON, J., dissenting. While it is true that a cause of action against the defendant, as for a tort, would lie if he fraudulently inserted in the appeal record false statements and matter which brought about the decision unfavorable to the plaintiff, and which decision without such false statements and matter would have been favorable to the plaintiff, and he alleges that a decision based on the true evidence before the Atlanta Typographical Union, as appearing in the appeal record before it was tampered with by the defendant, would have been favorable to him, I think that this allegation is a conclusion of the pleader without any supporting facts. See *Jones* v. *Ezell,* 134 *Ga.* 553 (5) (68 S. E. 303) ; *Harper* v. *Lindsey,* 162 *Ga.* 44, 47 (132 S. E. 639) ; *Weimer* v. *Savannah Union Station Co.,* 18 *Ga. App.* 570, 572 (90 S. E. 84) ; *Horton* v. *Sanchez,* 57 *Ga. App.* 612, 617 (195 S. E. 873). While it is not necessary that a petition set forth the evidence by which a plaintiff expects to establish the traversable facts alleged, *traversable facts* must be alleged, and a bare conclusion is not good against general demurrer. It is not alleged that any member of the executive council informed the plaintiff, directly or indirectly, that it was the alleged falsely inserted matter that caused the decision to be rendered, and so far as the petition shows by allegation of facts the decision of reversal might have been based on genuine evidence which appeared in the appeal record. At most the petition shows that the plaintiff is of the opinion that the decision of reversal was rendered because of the fraudulent act of the defendant, and that he proposes to so prove on the trial of the case, but there are no facts pleaded to support these conclusions against the general demurrer that no cause of action was set forth against the defendant. If the decision of reversal was based on the genuine evidence appearing in the appeal record (and there are no facts alleged to show that it was not), instead of on the false and fraudulent inserted matter, the decision, however erroneous, was not one that was caused by any act of the defendant. While the court sustained the general demurrer for reasons other than those above given, I think the judgment should be affirmed under the well-established principle of law that, if a petition is subject to general demurrer, the judgment of the trial court in sustaining it will be affirmed al-

though based on a wrong ground. I concur, however, in the ruling of the majority of the court that the present action is based on an invasion of a property right, and that it was brought within the statutory period of four years.