30933. DEFNALL *v.* SCHOEN *et al.*

DECIDED OCTOBER 6, 1945.

28

*Charles W. Anderson, Leonard Pennisi,* for plaintiff.

*J. F. Kemp, J. M. Johnson,* for defendants.

MacIntyre, J. ▮ The defendant contends that counts 1 and 2 of the petition were based upon the theory of malicious' use of process, and that it was necessary to allege that the proceeding complained of had been terminated in favor of the defendant therein, before the suit based upon it was brought. The plaintiff contends that these counts were based upon malicious abuse of process, and that it was not necessary to allege that the proceedings to dispossess him had terminated in his favor. If these two counts were based upon the malicious use of process, it was necessary to allege a termination of the suit in favor of the plaintiff, as contended by the defendant. If they were based upon malicious abuse of the process, such an allegation was not necessary. *King* v. *Yarbray,* 136 *Ga.* 212, 213 (71 S. E. 131).

"An action for malicious abuse of legal process will lie where legal process has been employed for some object other than that which it was intended by law to effect; for example, where a man has been arrested or his goods seized in order to extort money from him, even though it be to pay a just claim other than the one in suit, or in order to compel him to give up possession of a deed or other thing of value, not the legal object of the process. . . The malicious use of legal process may give rise to an action, where no object is contemplated to be gained by it other than its proper effect and execution." *Porter* v. *Johnson,* 96 *Ga.* 145 (23 S. E. 123). "There are three essential elements which must ap-

pear before one can recover for malicious use of legal process: (1) malice; (2) want of probable cause; and (3) that the proceeding complained of had terminated in favor of the defendant therein before suit for damages based upon it was brought." *Williams* v. *Adelman*, 41 *Ga. App.* 424, 427 (153 S. E. 224). "It is a well-established rule that an action for damages for the malicious abuse of legal process may be maintained before the action in which such process was issued is terminated." *Mullins* v. *Matthews*, 122 *Ga.* 286, 289 (50 S. E. 101).

The process here in question is a dispossessory warrant. Code, § 61-302. The legal object to be attained by suing out a dispossessory warrant is the obtaining possession of the premises. The case made by the allegations of count 1 of the petition is that the legal process (dispossessory warrant, or a warrant for a tenant's removal) was employed, not to obtain possession of the premises for a failure to pay the rent allowed by law, but to compel the plaintiff, in the instant case, to give up in money six dollars per month, whether it be .denominated by the defendant as rent or by any other name, in excess of the maximum amount which he knew was allowed by law under an administrative order for freezing rents in the area in question, i. e., under the O. P. A., as authorized by U. S. Public Law 421 (U. S. C. A. App. Title 50, § 925(e)). In other words, the petition alleges that the defendant maliciously and without probable cause employed the process (dispossessory warrant), not for the collection of the $10, the maximum amount of rent per month allowed under said order of the O. P. A., which was the only maximum legal amount that could be collected as rent, but employed the process for the ulterior purpose solely of coercing the plaintiff into giving up six dollars in money, which, under the law, could not have been the legal object of the process. In short, the allegations are that the sole or entire proceeding was employed for a specific unlawful object. Under such allegations, the petition sets out an action of legal abuse of process. *King* v. *Yarbray*, 136 *Ga.* 212, 214 (71 S. E. 131); *Brantley* v. *Rhodes-Haverty Furniture Co.*, 131 *Ga.* 276, 282 (62 S. E. 222). Thus, the contention of the defendant that it was essential for the plaintiff to allege that the "proceeding to evict him" had terminated in the plaintiff's favor was not meritorious.

■ The principles of law which were applied in overruling the general demurrer to count 1 of the petition are applicable to the allegations of count 2 of the petition, and we, therefore, hold that it was error to sustain the general demurrer to count 2.

■ Under section 925(e) of the U. S. C. A. App. Title 50, it is provided: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based, as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: *Provided, however,* That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price." Applying this rule in connection with the other rules of law applicable to the allegations of count 3 of the petition, we think that the court erred in sustaining the general demurrer to this particular count.

■ The special demurrer to count 4 moved to strike the same on the ground that it contained a misjoinder of causes of action, in that it was a suit on a contract, while the other three counts were based on tort. The cause of action stated in this count was a tort; and, the contract being alleged merely by way of inducement, the court erred in sustaining such special demurrer.

32

■ The general demurrer to count 4, urging that this count did not set up a cause of action, was erroneously sustained.

■ It follows from the above rulings that the court erred in sustaining the general demurrer to the petition as a whole and in dismissing it.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*