## 46431. FRENCH v. NORMAN et al.

DEEN, Judge. Appellant's complaint alleges that the defendant appellees are liable to him in breaching a duty to provide insurance coverage which would have protected him on a loss of his automobile by theft. The appellees had previously provided such coverage on the automobile involved for policy period beginning April 30, 1969, and ending April 30, 1970. The automobile was stolen on August 17, 1970, three and one-half months after the policy in question had lapsed or expired for lack of renewal.

The plaintiff, in his action, had alleged that "plaintiff understood, not only because of the representations made to him by the defendant, but also his dealings with the defendant had led him to believe that he would be billed for another year's premium and his policy would not lapse" and that "it had been the custom of the defendant to send bills for other insurance premiums to the plaintiff, and it is the custom and usage of insurance brokers to send bills when premiums are due." It is a breach of this alleged duty to the plaintiff upon which the action hinged.

The complaint acknowledges that the policy placed the insured appellant on notice that it would expire unless the renewal premium was paid before April 30, 1970, and appellant testified by deposition that he was aware of this indorsement in the policy. Defendant's motion for summary judgment was granted by the trial court. This judgment is appealed. *Held:*

1. "The purpose of the motion for summary judgment is to pierce the formal verbiage of the pleadings by showing that there is no genuine issue 'as to any material fact and that the moving party is entitled to a judgment as a matter of law.' *Code Ann.* § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238)." *Connors v. City Council of Augusta,* 120 Ga. App. 499 (1) (171 SE2d 578); *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193).

2. The appellee Norman generally testified by deposition that he had never obtained a renewal of any other policy for appellant; that he had never sent appellant a renewal premium;

that he had never told appellant orally or notified him in writing that he would notify appellant that his policy was about to expire. As to this point, appellant testified by deposition: "Q. Okay. Now, I am correct in stating that you had never obtained a renewal policy through Mr. Norman or Georgia Insurance Agencies in the past? A. That may be correct because most of the time I traded cars every year and there was no need to renew it because it would be changed to another vehicle or a different policy altogether. Q. And Mr. Norman never wrote you or told you over the phone that he would notify you before any policy expired before this happened, did he? A. I couldn't swear *that he did or didn't*." (Emphasis supplied).

It appears that the appellees have pierced the formal verbiage of the pleadings which would have created liability on their part, and are entitled to a judgment as a matter of law. Appellant's "I couldn't swear that he did or didn't" adds nothing in creating any factual issue.

The trial court did not err in granting defendant's motion for summary judgment.

> *Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
> ARGUED SEPTEMBER 7, 1971—DECIDED OCTOBER 7, 1971.

*Richard M. Nichols,* for appellant.

*Martin, Snow, Grant & Napier, Charles M. Stapleton, Edward J. Harrell,* for appellees.