## 56257. PAIR v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

BIRDSONG, Judge.

Plaintiff brought this complaint in two counts, malicious use of process (Count 1) and malicious abuse of process (Count 2). Defendant's motion for summary judgment was granted as to both counts. *Held:*

We affirm. To recover for malicious use of process, the following requisite elements must be shown: (1) prosecution of a civil action with malice; (2) such prosecution was without probable cause; (3) a termination of the proceedings in favor of the defendant; and (4) the prosecution of the process caused: (a) arrest of the person; (b) a seizure of his property; or (c) other special damage. *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76); *Price v. Fidelity Trust Co.,* 74 Ga. App. 836 (41 SE2d 614). Plaintiff, in his complaint, alleged as damages extreme mental and emotional upset, worry, anxiety, and anger. Plaintiff did not affirmatively allege that he had been arrested by reason of the process or that his property was seized or that he suffered any other recoverable damages. In a suit for malicious use of process, damages are not recoverable for embarrassment, mortification, humiliation, emotional upset, worry, anxiety, etc. *Jacksonville Paper Co. v. Owen,* supra.

Plaintiff filed interrogatories in which the plaintiff asked the defendant to "Describe *all efforts* that were made to collect the alleged debt due by James H. Pair, Jr. that was sued upon in State Court of DeKalb County, Civil Action No. C-92398 prior to the time the suit was filed." Defendant answered under oath that the following

occurred: form letters for collection of the debt owed were mailed; telephone calls (which were never answered); and finally, the account was turned over to defendant's attorney for collection.

Defendant, in its affidavit supporting its motion for summary judgment, alleged that only normal procedures were used to collect a past due account. This did not include any arrest of the person or the seizure of any of the plaintiff's property. In substance then, the defendant showed by sworn interrogatories that the plaintiff was not arrested, no property of plaintiff's was ever seized, and no other special damages had been inflicted upon the plaintiff.

Plaintiff, in his affidavit in opposition to the defendant's motion for summary judgment alleged that the debt sued upon was compromised and settled years prior to defendant's suit; that the defendant had full knowledge of the settlement; that suit was wilfully brought with knowledge that the statute of limitation had run; that suit was maliciously brought; and that plaintiff believed that defendant habitually brought such actions in an attempt to illegally obtain funds from others by intimidation.

Plaintiff has through his affidavit shown enough to withstand defendant's motion for summary judgment on the following: (1) prosecution of a civil action with malice; (2) without probable cause; and (3) termination of the proceeding in favor of the plaintiff. Plaintiff totally failed to negate the positive sworn interrogatories and sworn affidavit of the defendant's agent that there had been (a) no seizure of plaintiff's property, (b) no arrest of plaintiff, and (c) no special damages to the plaintiff.

The plaintiff having failed to pierce the material facts sworn to by the defendant, a motion for summary judgment was proper. *French v. Norman,* 124 Ga. App. 567 (184 SE2d 663).

The trial court was likewise correct in sustaining the motion for summary judgment as to Count 2. The prior action between the parties was a suit on open account which was voluntarily dismissed. To sustain an action for malicious abuse of process requires proof of (1) the existence of an ulterior motive, and (2) an act in the use

of the process other than as would be proper in the regular prosecution of the charge. *Davison-Paxon Co. v. Walker,* 174 Ga. 532 (163 SE 212). But, if the act of the prosecution be regular, the motive, ulterior or otherwise, is immaterial. *Davison-Paxon Co. v. Walker,* supra. The defendant established by evidence in support of its motion that it legitimately brought suit on an open account, a lawful use of process. This established prima facie that there was no abuse of process. The plaintiff by way of conclusory language only averred in his affidavit that defendant brought the prior suit in an attempt to wilfully collect an "outlawed debt" and to intimidate him to pay it. These conclusions, while at most show only motive, are not sufficient to show that a genuine issue of material fact remains as to the claim for malicious abuse of process. The grant of summary judgment to Count 2 was proper.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 18, 1978 — DECIDED FEBRUARY 23, 1979.

*E. Graydon Shuford,* for appellant.
*Weekes, Candler, Sams & Weatherly, R. Phillips Shinall, III,* for appellee.