PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-9134
Non-Argument Calendar

_____

D.C. Docket No. 1:96-CV-1949-WBH

ATLANTIC MUTUAL INSURANCE COMPANY,

Plaintiff-Appellee,

versus

ATLANTA DATACOM, INC., d.b.a., Ad Com,,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 27, 1998)**

Before BIRCH and MARCUS, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Atlantic Mutual Insurance Company ("Atlantic") filed this action in the United States District Court for the Northern District of Georgia seeking a

declaratory judgment that it was not obligated to defend Atlanta Datacom, Inc. d/b/a AdCom ("AdCom") in a suit brought for "abusive litigation" pending in the State Court of Fulton County, Georgia. The district court granted Atlantic's motion for summary judgment. AdCom filed this appeal from that final judgment. For the reasons that follow, we affirm.

FACTS

This action arises out of litigation originally filed by AdCom in the Superior Court of Gwinnett County, Georgia against several defendants based on the formation of a new business by several former AdCom employees. AdCom subsequently amended its lawsuit to add claims against Advanced Telecommunications Corporation ("ATC"), which allegedly was an investor in, or lender to, the new business. ATC served notice on AdCom that it intended to pursue a cause of action for abusive litigation pursuant to O.C.G.A. § 51-7-81 unless AdCom voluntarily dismissed its claims against ATC. AdCom failed to dismiss and the Superior Court eventually granted summary judgment in favor of ATC on all the claims asserted against it and the Georgia Court of Appeals affirmed that judgment.

ATC's successor in interest, Worldcom, Inc., then filed a suit against AdCom for abusive litigation in 1995. AdCom notified Atlantic of the pendency of that suit in October 1995 and demanded that Atlantic defend and indemnify it. Atlantic had issued two policies, one effective November 1, 1992 and the second beginning November 1, 1993, providing commercial general liability and commercial umbrella liability coverage for AdCom. Coverage A of the policies dealt with insurance for "bodily injury" and "property damage" liability. Coverage B insured AdCom against causes of action for "personal injury" and "advertising injury." The parties agree that Worldcom's abusive litigation claim does not qualify as a bodily injury, property damage or advertising injury. They disagree on, and this case turns on, whether the claim constitutes a personal injury.

2

The policies defined "personal injury" as an injury, other than "bodily injury," arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or disparages a person's or organization's goods, products, or services; or

e. Oral or written publication of material that violates a person's right of privacy.

(Insurance Policies, Coverage B at Section V, § 10).  AdCom maintained in the district court that any recovery against it in the Worldcom litigation would constitute a personal injury because it would arise out of a "malicious prosecution."  Atlantic argued that the offenses of malicious prosecution and abusive litigation are separate and distinct  causes of action under Georgia law and, as a result, Worldcom's complaint against AdCom was not covered by the policies.  The district court concluded that the causes of action were distinct, that Worldcom's demand against AdCom was not covered by the policies and granted Atlantic's motion for summary judgment.

DISCUSSION

On appeal, AdCom urges that the tort of abusive litigation should be considered a personal injury embraced by the Atlantic policies.  It notes that the term "malicious prosecution" is not defined in the policies and has differing meanings.  In its view, the policy language should be construed against Atlantic because the insurer drafted this "ambiguous" language and because exclusions

3

from coverage should be strictly interpreted. It also argues that it had a reasonable expectation that the tort of abusive litigation would be included in the policies. Atlantic contends that there is no ambiguity in the meanings as stated in the policies and that the district court correctly adhered to the clear distinction under Georgia law between causes of action for malicious prosecution and abusive litigation.

The policies in issue extend coverage for personal injuries which fall within one of five specifically designated categories, one of which is malicious prosecution. In Georgia, that term has been codified at least since 1863. As presently defined, malicious prosecution is "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted ...." O.C.G.A. § 51-7-40. While the tort of abusive litigation applicable to civil proceedings was not codified until 1989, see O.C.G.A. § 51-7-80, the distinction between the two torts has long been recognized by the Georgia courts. Thus, in 1903, the Supreme Court of Georgia observed that "the term 'malicious prosecution' is applicable only to the carrying on of a criminal case. ... When damages are sought for the malicious carrying on of a civil suit, the cause of action is not for malicious prosecution, but for the malicious use of process." Woodley v. Coker, 46 S.E. 89, 89 (Ga. 1903).

AdCom contends that the term "malicious prosecution" may apply to the improper commencement of a civil as well as a criminal action. As support for this proposition, it cites a provision from Appelman's treatise on insurance law that includes, as one of the elements of a cause of action for malicious prosecution, the commencement of a civil or criminal action. See *Appelman*, Insurance Law and Practice, Vol. 16A, § 8896.35. As Atlantic points out, however, this section of the treatise concerns the liability of an insurer or its agents for a claim of malicious prosecution; it is not a discussion of how coverage for the tort of malicious prosecution has been characterized otherwise. AdCom

4

also argues that other states include civil litigation within the scope of "malicious prosecution" for insurance purposes. This action involves allegedly abusive litigation filed by AdCom in a Georgia state court and the construction of an insurance policy issued to it in Georgia. We must look to Georgia law in determining the scope of the term "malicious prosecution." It is clear that the term "malicious prosecution" is confined to the pursuit of a criminal action and not one for the recovery of damages arising out of a civil tort. The judgment of the district court is AFFIRMED.